UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HAROLD SHAWGNESSY SIMS                                              PLAINTIFF

V.                          4:18CV00652 SWW/JTR

CINTHIA THAYOR, Circuit Court
Judge, *et al*.                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff Harold Shawgnessy Sims ("Sims") is in custody at the Craighead County Detention Center. He filed this *pro se* § 1983 action alleging that he was wrongfully convicted of possession of methamphetamine.[1] *Doc. 1*. Pursuant to the

---

[1] Sims was apparently on parole when he was arrested for drug-related charges. He claims unlawful search and arrest in connection with his current confinement. He does not, however, identify the arresting officer or name him or her as a defendant in this case. Further, Sims explains that he will file a separate lawsuit against the arresting officer. Because Sims intends to file another

1

screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice.[2]

## II. Discussion

Sims sued Circuit Court Judges Cindy Thyer and Brent Davis,[3] Prosecuting Attorney Scott Ellington, the Craighead County Sheriff's Department, multiple Sheriff's Department employees, and Craighead County court staff. *Doc. 1*. His claims arise from his 2015 conviction for possession of methamphetamine.[4] Sims alleges that Judge Thyer wrongfully entered judgment against him based on the false testimony of Defendants Jason Alen and James Teague. *Id.* at 4. Further, he challenges Judge Davis's order suspending his driver's license based on his conviction. *Id*. at 5. Sims additionally maintains that: (1) Judges Thyer and Davis,

---

case in connection with his recent arrest, the Court will not consider his unlawful search and arrest claim at this time.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] The names of Judges Thyer and Davis are misspelled in Sims's Complaint.

[4] *State v. Sims*, 16JCR-15-961, in the Circuit Court of Craighead County, Arkansas. Information about this case is available to the public at: https://caseinfo.arcourts.gov/cconnect/ PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=16JCR-15 961 &begin_date=&end_date=.

Sheriff's Department employees, and court staff were abusive and treated witnesses and jurors improperly; (2) Defendant Tammy Hubble did not know her job; and (3) Officer Garr was insubordinate. *Id*. He seeks damages for the alleged violations of his federally-protected rights. *Id*.

A. Sheriff's Department Not Entity Subject To Suit

Sims's claims against the Craighead County Sherriff's Department should be dismissed because the Sherriff's Department is not an entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst*., 18 F. Appx. 436, 437 (8th Cir. 2001).

B. Judges Thyer and Davis

Sims's claims against Judges Thyer and Davis should be dismissed. Sims's official-capacity claims against Judges Thyer and Davis are the equivalent of claims against the State of Arkansas and are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Further, absolute immunity bars Sims's individual capacity claims. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge . . . will be subject to liability only when he has acted in the 'clear

3

absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted).

Sims alleges that Judge Thyer wrongfully entered judgement against him, and that Judge Davis wrongfully entered the order suspending Sims's drivers license. *Doc. 1 at 4-5*. Sims has not alleged non-judicial action or complete absence of jurisdiction. Accordingly, Judges Thyer and Davis are immune from suit.

C.  Prosecuting Attorney Scott Ellington

Sims named Prosecuting Attorney Ellington "and his staff" as Defendants, but includes no specific allegations against them. *Doc. 1*. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1939, 137 L. Ed. 2d 868 (2009).

Further, Eleventh Amendment immunity also bars any official-capacity claims against Prosecuting Attorney Ellington. *See Will*, 491 U.S. at 71. Beyond that, a prosecutor is entitled to absolute immunity in his individual capacity from damages in connection with acts taken in his prosecutorial role. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions." *Brodnicki v. City of Omaha*,

75 F.3d 1261, 1268 (8th Cir. 1996). Ellington would be entitled to absolute immunity regarding any decision to pursue criminal charges against Sims.

    D.    Statute of Limitations

Sims makes vague allegations about a report created on August 3, 2015. Because any alleged unlawful conduct in connection with the report took place more than three years before this case was filed on September 10, 2018, any related claims are barred by the applicable three-year statute of limitations. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).

    E.    Only Violations of Federally-Protected Rights Actionable Under 42 U.S.C. § 1983

Sims also alleges that (1) Judges Thyer and Davis, unidentified court staff, and Sheriff's Department employees were abusive and treated witnesses and jurors improperly; (2) Defendant Tammy Hubble did not know her job; and (3) Officer Garr was insubordinate. These allegations do not indicate a violation of a federally-protected right and do not fall within the gambit of § 1983.

    F.    *Heck v. Humprey*

On November 25, 2015, Sims pled no contest to possession of methamphetamine. Sims's claims against Judges Thyer and Davis, Prosecuting Attorney Ellington, and Defendants Alen, Teague, Garry, Hubble, and Garr that challenge his conviction are *Heck*-barred. The United States Supreme Court has held that if a judgment in favor of a prisoner in a § 1983 action would necessarily

imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Further, the principal barring collateral attack "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (*citing Heck*, 512 U.S. at 490 n.10). Sims's allegations, if established, would imply the invalidity of his conviction, and there is no indication that the conviction was ever called into question. Accordingly, Sims's claims should be dismissed.

For the reasons set out above, the Court recommends that Sims's Complaint (*Doc. 1*) be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Sims's complaint be DISMISSED, WITHOUT PREJUDICE, for failure to state a claim on which relief may be granted.

2. Dismissal constitute a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 27th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE